IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: | } CASE NO: 09-33404-DHW |
| Bennett, James D. | } CHAPTER: 13 |
| Debtor(s) | |
| Soc.Sec.No(s).: xxx-xx-9005 | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY BAC HOME LOANS SERVICING, L.P. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P. AS SERVICER FOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. ALTERNATIVE LOAN TRUST 2002-37 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-37 AND REQUEST FOR TELEPHONIC HEARING

Comes now BAC HOME LOANS SERVICING, L.P. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P. AS SERVICER FOR THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWMBS, INC. ALTERNATIVE LOAN TRUST 2002-37 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-37, its principals, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and moves this Honorable Court to set this matter for telephonic hearing and lift the automatic stay in the above-referenced Debtor(s)' Chapter 13 bankruptcy and in support thereof, Creditor avers as follows:

1. This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

2. The Creditor holds a mortgage lien on the property commonly referred to as 920 Gibson Hills Drive, Montgomery, AL 36116, and more fully described in the mortgage and note.

3. The Debtor proposes to surrender the property.

4. Further, the Creditor is not adequately protected.

5. The Creditor desires to protect its interests and proceed with taking possession of the property.

### WAIVER OF FED. R. BANKR. P. 4001(a)(3)

6. This is a Chapter 13 bankruptcy case. The Debtor(s) either know, should know, or have been informed by Debtor(s)' Counsel of the rules of this Bankruptcy Court and the potential penalties for non-compliance. Therefore, the Creditor requests this court waive the fourteen day "stay" in accordance with Fed. R. Bankr. P. 4001(a)(3).

### FUTURE DEFAULT

7. Should this Honorable Court deny the Creditor's Motion for Relief from Automatic Stay, the Creditor would request that this Honorable Court direct that the stay shall be immediately lifted, without further order or notice, as to the Creditor in the event that the Debtor should default on any future payments.

### ATTORNEYS FEE

8. The Creditor has had to incur additional expense in order to collect this post-petition debt in the form of attorneys fees and costs and requests this Court to award the Creditor reasonable attorneys fees and court costs associated with this matter.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor herein prays that this Honorable Court will set this matter for telephonic hearing and to lift, modify, or terminate the automatic stay now in force and effect in order that the Creditor may obtain possession of its collateral and may foreclose or liquidate its collateral under state law; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion; waive the effect of

Fed. R. Bankr. P. 4001(a)(3); or IN THE ALTERNATIVE, order an appropriate cure of the post-petition arrearage and default; grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion; and grant said Creditor future relief, modification, termination, or lifting of the automatic stay now in force and effect, should the Debtor(s) default on any future payments to be made unto said Creditor, in order that the Creditor may obtain possession of its collateral, may foreclose, or liquidate its collateral under state law, or seek to negotiate a loss mitigation forbearance or other agreement with the debtor in an attempt to avoid foreclosure or other action.

Respectfully submitted,

/s/ Enslen Crowe
Enslen Crowe (CRO 098)
Attorney for Creditor

OF COUNSEL:
SIROTE & PERMUTT, P.C.
P. O. Box 55887
Birmingham, Alabama 35255-5887
(205) 918-5013/ fax 205-930-5101
ecrowe@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing Motion for Relief from the Automatic Stay was mailed, first class postage prepaid or served via electronic case management to:

| Richard D Shinbaum | James D. Bennett | Curtis C. Reding |
| P O Box 201 | 920 Gibson Hill Drive | P.O. Box 173 |
| Montgomery, AL 36101 | Montgomery, AL 36116 | Montgomery, AL 36101 |

On this the 21st day of June, 2010.

/s/ Enslen Crowe
OF COUNSEL

STATE OF            )

COUNTY OF           )

## AFFIDAVIT

BEFORE ME, the undersigned, Notary Public, personally appeared_____, who is known to me and after being by me first duly sworn, deposes and says the following:

My individual responsibility is to administer mortgage loans in bankruptcy. Specifically, this includes monitoring loan payments. I hereby certify and state that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions, or occurrences to which they refer or within a reasonable time thereafter. My personal knowledge of this mortgage loan shows the following:

| | | |
|---|---|---|
| 1. | Loan No: | xxxx5747 |
| 2. | Debtor: | James D. Bennett |
| 3. | Bankruptcy Case No: | 09-33404-DHW-13 |
| 4. | Property Description: | 920 Gibson Hills Drive, Montgomery, AL 36116 |
| 5. | Net Principal Balance as of 05/13/2010 | 320,107.29 |
| 6. | Delinquent Status as of 05/13/2010 | Due for payment |
| | 5 payments of 2,881.50 each for 01/10 through 05/10 | $14,407.50 |
| | Bankruptcy Attorney Fees/Costs for MFR | 650.00 |
| | Total Post-petition Mortgage Arrearage | $15,057.50 |

The facts stated herein are true. In verification of the same, I subscribed my signature hereto.

Sworn to and subscribed before me on this the _____ day of _____, 2010.

_____
Affiant

Sworn to and subscribed before me on this the _____ day of _____, 2010.

_____
Notary Public
My Commission Expires: _____